UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINA SUE HENRY,

    Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. 2:17-CV-01433-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Christina Sue Henry filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") failed to provide specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony. Had the ALJ given great weight to Plaintiff's subjective symptoms, the residual functional capacity ("RFC") assessment may have included additional limitations. The

ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On May 20, 2014, Plaintiff filed an application for SSI, alleging disability as of September 30, 2013. *See* Dkt. 6, Administrative Record ("AR") 13. The application was denied on initial administrative review and reconsideration. *See* AR 13. A hearing was held before ALJ Laura Valente on July 5, 2016. *See* AR 27-56. In a decision dated September 6, 2016, the ALJ determined Plaintiff was not disabled. *See* AR 13-22. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff maintains the ALJ erred by failing to provide specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony. Dkt. 8, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.   Whether the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not fully supported.**

Plaintiff contends the ALJ erred by failing to provide specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not fully supported. Dkt. 8. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the

disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id.* at 579.[1]

Plaintiff testified she cannot work because of pain, fatigue, and anxiety. *See* AR 44, 46, 49-50. Plaintiff's mother helps her with shopping and some housework. AR 38. However, Plaintiff can shop alone once a week, cook, do laundry, and do the dishes. AR 38-39. Plaintiff enjoys spending time with her grandsons and, when she is able, crafting and gardening. AR 41. At most, Plaintiff can stand for fifteen minutes before needing to sit down, and she often uses a walker and a brace for her knee pain. AR 45-46, 50. Plaintiff also avoids leaving her home due to her anxiety. AR 44.

In her Function Report-Adult, Plaintiff stated that her vitamin B12 deficiency and chronic pain make it difficult for her to stand, sit, and walk. AR 203. She has difficulties with her personal care. AR 204. She can walk a block or two before needing to stop and rest. AR 208. Plaintiff also states her impairments limit her ability to lift, squat, bend, stand, reach, walk, sit,

---

[1] On March 28, 2016, the Social Security Administration changed the way it analyzes a claimant's credibility. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016). The term "credibility" will no longer be used. 2016 WL 1119029, at *1. Further, symptom evaluation is no longer an examination of a claimant's character. *See id*. at *10 ("adjudicators will not assess an individual's overall character or truthfulness"). The ALJ's decision here – dated September 6, 2016 – was issued after SSR 16-3p became effective. However, the applicable Ninth Circuit case law still refers to the term "credibility." Thus, at this time, the Court will use "credibility" and "subjective symptom testimony" interchangeably.

kneel, climb stairs, see, complete tasks, concentrate, follow instructions, use her hands, and remember. AR 208.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 18. She determined Plaintiff's complaints were not fully supported because (1) there were no medical opinions supporting Plaintiff's complaints; (2) Plaintiff has not had to take prescription pain medication; (3) Plaintiff's mental health allegations are inconsistent throughout the record; (4) Plaintiff's daily activities are inconsistent with her allegations; and (5) Plaintiff's mental and physical complaints, including her need for a walker, are not supported by the objective medical evidence. AR 18-20.

First, the ALJ found that "none of the opinions in the record support [Plaintiff's] allegations about the severity of her impairments." AR 18. A finding that the claimant's alleged symptoms are contrary to a consensus of the medical opinions in the record can be a valid reason for discounting subjective symptom testimony. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036-37 (9th Cir. 2007). The Court finds there are five medical opinions in the record, three of which do not support Plaintiff's symptoms and two opinions (Drs. Holly Christoferson, M.D. and Lissa Brod, M.D.) that arguably do support Plaintiff's symptoms. *See* AR 18. The ALJ found none of the medical opinions supported Plaintiff's alleged symptoms. AR 18. The ALJ gave significant weight to the opinions of the state agency medical consultants and to the opinion of consultative examiner Dr. Elizabeth Koenig, M.D. AR 18. The ALJ then stated that she gave little to no weight to the opinions of Drs. Christoferson and Brod. AR 18. In a conclusory statement, the ALJ stated "Dr. Brod's opinion does not support the claimant's allegations." AR 18. The ALJ

provided no findings regarding how the opinions of Dr. Christoferson and Dr. Brod failed to support Plaintiff's symptom testimony. *See* AR 18.

The record shows Dr. Christoferson opined that Plaintiff was markedly limited in her ability stand, walk, lift, carry, handle, push, pull, reach, and stoop. AR 345. She found Plaintiff was unable to meet the demands of sedentary work. AR 346. Dr. Brod found Plaintiff was moderately limited in her ability to walk, lift, carry, handle, push, pull, stoop, and crouch. AR 348. She opined Plaintiff would be limited to light or sedentary work. AR 349. Plaintiff stated that she can only stand for fifteen minutes before needing to sit down, can only walk a block or two before needing to rest, and is limited in lifting, squatting, and reaching. AR 50, 208. Consistent with Plaintiff's complaints, Dr. Christoferson found Plaintiff was markedly limited in her ability to stand, walk, lift, and stoop. *See* AR 345. Further, Dr. Brod found Plaintiff was moderately limited in her ability to walk, lift, stoop, and crouch. *See* AR 348.

The ALJ does not explain how the limitations opined to by Drs. Christoferson and Brod fail to support Plaintiff's subjective symptom testimony. *See* AR 18. As detailed above, the record reflects the two medical opinions may support Plaintiff's alleged symptoms. *See* AR 354, 348. With regard to Dr. Christoferson's opinion, Defendant asserts it is inconsistent with Plaintiff's complaints of long-term symptoms because Dr. Christoferson states Plaintiff would only be limited for six months. *See* Dkt. 9, p. 3. While durational limits may be a sufficient reason for giving little weight to Dr. Christoferson's opinion, the opinion might still have relevance to Plaintiff's subjective symptom testimony. The ALJ did not clearly articulate how Dr. Christoferson's opinion is inconsistent with Plaintiff's subjective symptom testimony. *See* AR 18. Also, the ALJ does not cite to any evidence indicating Plaintiff would not continue to

suffer from symptoms or have less severe work limitations after the expiration of the six month period. Therefore, the Court is not persuaded by Defendant's argument.

Therefore, without an adequate explanation from the ALJ explaining how these two doctors' opinions fail to support Plaintiff's allegations, the Court concludes the ALJ's finding that "none of the opinions in the record support [Plaintiff's] allegations" is not a clear and convincing reason for discounting Plaintiff's subjective symptom testimony. [2] *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."); *Shaner v. Astrue*, 2010 WL 5789151, *12 (D. Or. Dec. 28, 2010) (determining the ALJ's finding that there was not a medical statement to substantiate the plaintiff's statement of pain and symptoms "puzzling" because the plaintiff is not required to prove his degree of symptoms by objective medical evidence).

Second, the ALJ discounted Plaintiff's allegations regarding the severity of her symptoms because she has not had to take prescription pain medication. AR 19. An ALJ may consider "evidence of 'conservative treatment'" in assessing a claimant's subjective symptom testimony. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). Here, there is one treatment note wherein Plaintiff stated a prescription pain medication was not working and she only wanted to take NSAIDs[3] for her knee pain. AR 225; *see also* AR 388. The record, however, also shows Plaintiff requested narcotic pain medication for neck pain, but was denied narcotic pain medication due to her marijuana use. AR 260, 262, 270. The evidence also shows Plaintiff was prescribed Mobic, which is a prescription NSAID used to reduce pain, swelling, and joint stiffness. *See* AR 225, 229, 235,

---

[3] An NSAID is a nonsteroidal anti-inflammatory drug, such as aspirin, ibuprofen, or naproxen.

245, 305, 314. There is evidence showing Plaintiff requested or was prescribed pain medications. As such, the ALJ's finding that Plaintiff's pain was not as severe as she alleged because she did not need to take prescription pain medication is not a clear and convincing reason supported by substantial evidence for discounting Plaintiff's subjective symptom testimony.

Third, the ALJ discounted Plaintiff's subjective symptom testimony because Plaintiff made inconsistent statements regarding her mental health complaints. AR 20. An ALJ may consider prior inconsistent statements concerning symptoms and "other testimony by [plaintiff] that appears less than candid in weighing plaintiff's credibility." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, the ALJ provided several examples to support her finding; however, these examples are not supported by the record. The ALJ found Plaintiff's statements regarding her inability to leave her home and her fear of going out in public was inconsistent with statements that she had no problems getting along with others and that her lack of social activities was related to her fatigue. AR 20. However, the records cited to by the ALJ show Plaintiff socializes by spending time with friends in her home, by speaking on the telephone, and by spending time on social media. AR 207. Plaintiff reported she only leaves her home to attend medical appointments and to go to the store. AR 207. Therefore, the Court finds the ALJ's citations to the record do not support a finding that Plaintiff's statements regarding her inability to leave home are inconsistent with her social activities done in her home.

The ALJ also found Plaintiff made conflicting reports to her treatment providers regarding her anxiety. *See* AR 20. The ALJ noted Plaintiff provided different reports regarding the onset of her anxiety and denied her anxiety to some providers. AR 20. The record shows Plaintiff reported she suffered from the anxiety due to trauma, abuse, and other events. AR 20, 359. She also reported her anxiety had existed since childhood. AR 20, 373. Finally, in one

treatment note, Plaintiff reported she was doing well managing her depression and did not report panic attacks. AR 20, 395. The ALJ concluded these two reports regarding when Plaintiff's anxiety began are inconsistent and yet provided no explanation to support this conclusion. Further, the Court does not find the two statements facially inconsistent. Therefore, this is not a sufficient to discount Plaintiff's allegations. Further, while the record does show that on one occasion Plaintiff reported her depression was well-managed and she was not having panic attacks, the record contains multiple other instances where Plaintiff reported to treatment providers that she was feeling anxious or having uncontrolled anxiety. AR 217, 249, 262, 266, 365, 373. Thus, the Court finds the one single record cite wherein Plaintiff stated she was not having panic attacks is not sufficient to show Plaintiff's allegations regarding her anxiety are incredible. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (finding an ALJ must not "cherry-pick" certain observations without considering their context).

Based on the above reasons, the Court finds the ALJ's decision to discount Plaintiff's subjective symptom testimony because Plaintiff made allegedly inconsistent statements throughout the record regarding her anxiety is not valid. *See* SSR 16-3p ("inconsistencies in an individual's statements made at varying times does not necessarily mean they are inaccurate").[4]

Fourth, the ALJ determined Plaintiff's activities of daily living illustrate Plaintiff is capable of performing simple and complex tasks and having some interactions with others. AR 20. The Ninth Circuit has recognized two grounds for using daily activities to form the basis of

---

[4] Plaintiff argues the ALJ's finding regarding the unreliability of her mental impairments is irrelevant regarding the reliability of her physical symptoms. Dkt. 8, p. 5. Plaintiff does not cite case law to support this argument. *See id*. Furthermore, Plaintiff fails to explain how the reliability of Plaintiff's statements regarding her anxiety, a severe impairment, is irrelevant to the determination of whether Plaintiff's statements are entitled to great weight. *See id*. Thus, the Court is not persuaded by Plaintiff's argument that her inconsistencies regarding her mental symptoms is irrelevant.

an adverse credibility determination: (1) whether the activities contradict the claimant's other testimony and (2) whether the activities of daily living meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Here, the ALJ appears to find Plaintiff's daily activities indicate she meets the threshold for transferable work skills. *See* AR 20. The ALJ concluded Plaintiff's ability to live alone, care for her grandchildren at times, interact with friends, go shopping when necessary, drive, prepare her own meals, do laundry, complete chores, do crafts, read, and use a computer showed Plaintiff is capable of performing simple and complex tasks. AR 20. The ALJ also found Plaintiff's daily activities showed Plaintiff can adapt to different environments, venture outside of her home, organize her activities, attend events, and use her arms. AR 20.

While Plaintiff testified that she cooks, does the dishes, does her laundry, and does some gardening, she also testified that her mother helps her with housework and maintaining her garden. AR 38-39, 41. Plaintiff testified she only goes to the store once a week, at most, and her mother will go to the store for her when she needs. AR 38-39. Further, Plaintiff only crafts and gardens when she is able. AR 41. She testified she can only sit at a desk with her head titled for five to ten minutes and she can only perform a household task for fifteen minutes before needing to rest. AR 48-50.

Plaintiff's limited activities of daily living do not show Plaintiff meets the threshold for transferable work skills. Therefore, the ALJ's finding that Plaintiff's daily activities show she is capable of performing light work with additional limitations is not a clear and convincing reason to discount Plaintiff's subjective symptom testimony. *See Reddick*, 157 F.3d at 722 (recognizing "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations").

1        Fifth, the ALJ found Plaintiff's testimony not fully supported because of inconsistencies

2 between her subjective testimony and the objective medical evidence. *See* AR 18-20.

3 Determining that a claimant's complaints are "inconsistent with clinical observations" can satisfy

4 the clear and convincing requirement. *Regennitter*, 166 F.3d at 1297; *see also Fisher v. Astrue*,

5 429 F. App'x 649, 651 (9th Cir. 2011). However, an ALJ "may not disregard [a claimant's

6 credibility] solely because it is not substantiated affirmatively by objective medical evidence."

7 *Robbins v. Social Security Administration*, 466 F.3d 880, 883 (9th Cir. 2006); *see Orteza v.

8 Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir.

9 1995).

10        The ALJ provided five reasons for discounting Plaintiff's statements. AR 18-20. The

11 Court has determined the ALJ's the first four reasons for discounting Plaintiff's subjective

12 symptom testimony are improper. The only remaining reason for discounting Plaintiff's

13 complaints is because the complaints are inconsistent with the objective evidence. *See* AR 18-20.

14 As this is the sole remaining reason and as a claimant's testimony may not be rejected solely on

15 the basis of inconsistencies with the objective evidence, the Court need not determine if the fifth

16 reason is proper. The Court finds the ALJ has not provided legally sufficient reasons for

17 discounting Plaintiff's subjective symptom testimony. Accordingly, the ALJ erred.

18        "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

19 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

20 claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.

21 Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

22 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

23 application of judgment" by the reviewing court, based on an examination of the record made

24

"'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Plaintiff testified to greater limitations than the limitations included in the RFC determination. For example, Plaintiff testified she can stand for fifteen minutes before needing to sit down and walk for a block or two before needing to rest. AR 50, 208. Plaintiff also stated her impairments limit her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, see, complete tasks, concentrate, follow instructions, use her hands, and remember. AR 208. In contrast, the RFC limited Plaintiff to sitting, standing, and walking for six hours in an eight hour day and lifting or carrying twenty pounds occasionally and ten pounds frequently. AR 16-17. The ALJ found Plaintiff could perform all postural movements without limit, except only occasional crawling and no climbing of ladders, ropes, or scaffolds. AR 17. Had the ALJ properly considered Plaintiff's subjective symptom testimony, she may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert, Joseph A. Moisan. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 1st day of March, 2018.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge