UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINA SUE HENRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>　　　　Defendant. | CASE NO. 2:17-CV-01433-DWC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

　　Plaintiff Christina Sue Henry filed a Motion for Attorney Fees and Costs under EAJA, seeking attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. 13. Defendant asserts her position in this matter was substantially justified and requests no fee be awarded. Dkt. 14. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

　　The Court concludes Defendant's position was not substantially justified. Accordingly, Plaintiff's Motion is granted.

## I. Background and Procedural History

On March 1, 2018, the Court found the ALJ erred by failing to properly consider Plaintiff's subjective symptom testimony. Dkt. 11. The Court found the error was harmful, reversed the ALJ's decision, and remanded the case to the Social Security Administration ("Administration") for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). *Id.*

On May 3, 2018, Plaintiff filed the Motion. Dkt. 13. Defendant filed a Response, Dkt. 14, and Plaintiff filed a Reply. Dkt. 15.

## II. Discussion

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n. 2 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

A. *Substantially Justified*

In this matter, Plaintiff was the prevailing party because she received a remand of the matter to the Administration for further consideration. *See* Dkt. 11, 12. To award a prevailing plaintiff attorney's fees, the EAJA also requires finding the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held "substantially justified" means "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "substantially justified position must have a reasonable basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citing *Pierce*, 487 U.S. at 565; *Flores*, 49 F.3d at 569). The Court "'must focus on two questions: first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court.'" *Id.* at 1259 (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). Thus, for the government to prevail, it must establish both the ALJ's underlying conduct and its litigation position in defending the ALJ's error were substantially justified. *Id.* "[I]f 'the government's underlying position was not substantially justified,'" the Court must award fees and does not have to address whether the government's litigation position was justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (quoting *Meier v. Colvin,* 727 F.3d 867, 872 (9th Cir. 2013)). The Court notes the Administration does not have to prevail on the merits for the Court to conclude the Administration's position was substantially justified. *See Kali*, 854 F.2d at 334.

Here, the Court concluded the ALJ erred when he failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. Dkt. 11. The Court found the ALJ failed to explain her findings and consider evidence in the record. *Id*. The Court also found

the ALJ's findings were not supported by the record. *See id*. Due to the ALJ's harmful errors, the Court reversed the ALJ's decision denying benefits and remanded the case for further proceedings. *Id*.

This is not the exceptional case where the subtle differences between the substantial evidence and substantial justification standards merit remand and reversal without awarding attorney fees and costs. Instead, this Court's "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the position of the United States . . . was not substantially justified." *Meier*, 727 F.3d at 872. Further, there are no special circumstances that render an EAJA award unjust.

The Court is not persuaded by Defendant's Response to the Motion. *See* Dkt. 14. The Court finds Defendant is attempting to re-litigate issues raised in the briefing on the merits of this case, and she selectively cites to portions of the Court's Order to now justify her position regarding fees.

For the above stated reasons, the Court finds Plaintiff is entitled to attorney's fees under the EAJA.

B. *Reasonableness of Fee*

Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7. Here, Defendant does not challenge the reasonableness of the fee. *See* Dkt. 14. Further, based on the facts and circumstances of this matter, and the briefing and attorney time sheet, the Court concludes the amount of time incurred by Plaintiff's attorney in this matter is reasonable. *See* Dkt. 13, 15. The Court finds Plaintiff's request for attorney's fees in the amount of $6,848.29, representing 34.80 hours of work, reasonable. *See* Dkt. 13, 15; *see also Commissioner, I.N.S. v.*

*Jean*, 496 U.S. 154, 157 (1990) (fees for time and expenses incurred in applying for fees were covered in EAJA cases).

**III. Conclusion**

For the above stated reasons, the Court hereby grants Plaintiff's Motion (Dkt. 13) as follows:

Plaintiff is awarded costs in the amount of $400.00.

Plaintiff is awarded expenses in the amount of $27.18.

Plaintiff is awarded attorney's fees in the amount of $6,848.29, representing 34.80 hours of work, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010).

The Acting Commissioner shall contact the Department of Treasury to determine if the EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of General Counsel that Plaintiff does not owe a debt, the government shall honor Plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Todd Renda, Plaintiff's counsel. If there is an offset, any remainder shall be made payable to Plaintiff, based on the Department of the Treasury's Offset Program and standard practices, and the check shall be mailed to Plaintiff's counsel, Todd Renda, at 6314 19th Street West, Suite 21, Tacoma, Washington 98466.

Dated this 4th day of June, 2018.

David W. Christel
United States Magistrate Judge